IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(Judge Walker D. Miller)
(Magistrate Judge Kristen L. Mix)

Civil Action No. 07-cv-00913 WDM-KLM

J.D. HILLBERRY,

Plaintiff,

v.

THE WOODEN TEDDY BEAR, INC., et al.

Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

Plaintiff, J.D. Hillberry, through his counsel, Garlin Driscol Howard, LLC,

Defendant The Winfield Collection, Ltd., d/b/a Scroller, Ltd. through its counsel, the law

firm of Harris, Karstaedt, Jamison & Powers, P.C., and Defendants The Wooden Teddy

Bear, Inc., d/b/a Wooden Teddy Bear Collection, All American Crafts, Inc., d/b/a

Creative Woodworks & Crafts and Jeff Zaffino d/b/a Wooden You Know Design Studios

and d/b/a An Eye For Design Studios, through its counsel Brett N. Dorny, Esq. hereby

stipulate to the following provisions for the protection of confidential, proprietary, or

otherwise protected information pursuant to the provisions Fed.R.Civ.P. 26(c)(1), and

other applicable laws or regulations and request that the Court so enter the Stipulation:

IT IS HEREBY ORDERED THAT:

1.    AUTHORIZED DESIGNATION UNDER PROTECTIVE ORDER

Each party producing information including, but not limited to, any document,

record data or tangible thing in this litigation shall label it as "Confidential Material" to the extent that the providing party believes in good faith that the information falls within the scope of protection.

In the event the producing party elects to produce documents and things for inspection rather than produce copies of documents, no marking need be made by the producing party in advance of the initial inspection. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

The failure to designate "Confidential Material" in accordance with the terms of this Stipulated Protective Order shall preclude the party from seeking to impose such designation at a later time except for good cause shown.

2.      DEFINITION OF CONFIDENTIAL MATERIAL

A party may designate as "Confidential Material" any document, tangible thing, testimony or other data information related to: (1) details regarding the party's business operations; (2) proprietary information with respect to the business operations of that party; (3) identification of a party's clientele or customer lists or, (4) any of the party's sensitive business or technical information that would provide a significant advantage to the party's competitors, including for example, business plans, business development, trade secrets, proprietary information, competitor market analyses, customer lists, internal financial-accounting information, operations information, pricing and cost information and business relationships with third parties.

2

3.    DEFINITION OF TRIAL COUNSEL

The term "Trial Counsel" shall mean the attorneys and employees of Garlin Driscol Howard, LLC, Harris, Karstaedt, Jamison & Powers, P.C.; and the Law Office of Brett N. Dorny.

4.    DISTRIBUTION AND USES OF "CONFIDENTIAL MATERIAL":

A.    Documents, records or items marked as "Confidential Material" shall be used solely for the purpose of conducting this litigation and not for any other purpose. Absent a court order to the contrary, documents, records or items marked as "Confidential Material" may be disclosed only to the following persons:

(1)    Trial Counsel for the parties, including necessary secretarial, clerical and paralegal personnel assisting such counsel;

(2)    The employees to any party to this action who have executed a form of Exhibit A entitled "Agreement to be Bound by Protective Order";

(3)    Court reporters, videographers, interpreters, document reproduction companies and such other qualified persons otherwise unconnected to any party but who are involved in taking testimony, copying documents, and the like and are working at the direction of or in cooperation with Trial Counsel;

(4)    Consultants or testifying expert witnesses, who execute a form of Exhibit A entitled "Agreement to be Bound By Protective Order," and their staff who are engaged by a party or its Trial Counsel to assist in this proceeding;

(5)    Witnesses who appear for deposition or trial and who agree to execute a form of Exhibit A entitled "Agreement to be Bound by Protective Order" or otherwise agree to comply with the terms of this Stipulated Protective Order on the

3

record;

(6)      An author or recipient of the documents, records or items marked as "Confidential Material"; and

(7)      The judge and employees of the Court.

B.      Nothing in this Stipulated Protective Order shall preclude a person or entity from using, reviewing, discussing or retaining documents, data or information already properly in his/her or its possession, unless the sole source of possession of those documents, data or information was this district court proceeding in the United States District Court for the District of Colorado, Civil Action Number 07-cv-00913 WDM-KLM.

5.      PROCEDURE FOR CHALLENGING DESIGNATIONS

A party may object to the designation of particular "Confidential Materials" by giving written notice to the party designating the disputed information within fourteen (14) calendar days of receiving the "Confidential Materials." The written notice shall identify the information to which the objection is made by Bates number, or, if Bates numbers are unavailable, by the clearest reasonable description thereof. The designating party shall respond to the challenge within fourteen (14) calendar days after the date on which the notice of objection is sent.

If the parties cannot resolve the objection within twenty-one (21) calendar days after the time afforded the designating party to respond to the written objection, the designating party must file with the Court, a motion requesting the Court to uphold the designations of the information subject to the objection. If such motion is timely filed, the disputed information shall be treated as "Confidential Material" under the terms of

this Stipulated Protective Order until the Court rules on the request. If the designating

party fails to file such a request within the prescribed time, the disputed information shall

lose its designation as "Confidential Material" and shall not thereafter be treated as

"Confidential Material" in accordance with the terms of this "Stipulated Protective

Order" unless good cause is shown.

6.      WRITTEN AGREEMENT TO TERMS OF PROTECTIVE ORDER

"Confidential Material" produced in the course of this civil action pursuant to a

discovery request shall not be made available to any outside expert, consultant, fact

witness or designated party employee, until that person has agreed in writing to a form of

Exhibit A entitled "Agreement to be Bound By Protective Order." Nothing in this

Stipulated Protective Order shall preclude disclosure or use of documents or data that a

party or a person already had prior to production of documents in this federal district

court proceeding in the United States District Court for the District of Colorado, 07-cv-

00913 WDM-KLM.

7.      DEPOSITIONS:

When any "Confidential Material" is included in an authorized transcript of a

deposition or proceeding, or in exhibits attached thereto, arrangements shall be made with

the court reporter to bind such transcripts and separately label them "Confidential

Material Protected by Protective Order." All or any portion of testimony that is

"Confidential Material" may be designated prior to or during the proceeding in which the

testimony is elicited, on the record or by other agreement of counsel, or at any time

within fourteen (14) calendar days after receipt of the transcription of such testimony by

the designating party.

Unless otherwise agreed to by the parties, all deposition transcripts will be treated as "Confidential Material" until fourteen (14) calendar days after receipt of the transcription of such testimony. If either party fails to designate in writing the deposition transcript or portions thereof that are to be maintained as "Confidential Material" within fourteen (14) days of receipt of the transcription, the transcription shall be treated as if it were not designated.

8.    FILING OF CONFIDENTIAL MATERIAL:

In the event it becomes necessary for any party to file documents designated as Confidential Material with the Court, the filing party must file the information under seal. Any pleadings or briefs filed by any party that either quotes or discusses the contents of information designated as Confidential Material shall also be filed under seal. In filing materials with the Court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated Confidential Material, and only those specific portions of briefs, applications, and other filings which contain verbatim confidential data, or which set forth the substance of such confidential information.

9.    ENFORCEMENT

In the event a party or person who has received "Confidential Material" designated by the parties in this federal district court proceeding in the United States District Court for the District of Colorado, 07-cv-00913 WDM-KLM, violates or threatens to violate any of the terms of this Stipulated Protective Order, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Stipulated Protective Order, shall not employ as a defense thereto the claim that the aggrieved party

possesses an adequate remedy at law. The parties agree that this Court shall retain jurisdiction over this matter and this Stipulated Protective Order to enforce the terms of this Stipulated Protective Order.

10.   OBLIGATIONS UPON TERMINATION OF LITIGATION

Within ninety (90) calendar days of the final termination of this litigation, and/or appeal, each entity and/or person that is subject to this Stipulated Protective Order, other than Trial Counsel, shall return to the providing party or destroy all items produced and designated as "Confidential Material" in this matter, including all copies of such produced matter which may have been made after production, including copies in the hands of consultants and expert witnesses. Nothing in this Stipulated Protective Order shall preclude a person or entity from retaining any documents or data it already had prior to production of items designated as "Confidential Material" in this federal district court proceeding in the United States District Court for the District of Colorado, 07-cv-00913 WDM-KLM. Notwithstanding the above, Trial Counsel may retain intact any pleading, transcript or correspondence that includes or references "Confidential Material" and its copies of "Confidential Material" produced in this litigation, but shall continue to preserve its confidentiality. This Stipulated Protective Order shall continue to be binding after the conclusion of this litigation except that a party may seek the written permission of the other party or further order of the Court, after notice to the other party and opportunity to be heard, with respect to dissolution or modifications of this Stipulated Protective Order. The Court retains jurisdiction subsequent to settlement, if any, or entry of judgment, if any, to enforce the terms of this Stipulated Protective Order.

11.   NO WAIVER

Nothing in this Stipulated Protective Order, or the taking of any action in accordance with the provisions of this Stipulated Protective Order, or the failure to object thereto, shall be construed as a waiver or admission of any claim or defense in this proceeding, or any waiver of the attorney client or work-product privilege.

The entry of this Stipulated Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and except as expressly provided herein, shall not relieve any party of the obligation of producing information in the course of discovery.

12.   SUBPOENAS

If any party or other person authorized under this Stipulated Protective Order to receive "Confidential Material" receives a subpoena from a non-party to this Stipulated Protective Order seeking production or other disclosure of such material, that party or person shall object to production of any such material and shall immediately give written notice to counsel for the party who produced such material identifying the material requested and enclosing a copy of the subpoena.  If ordered by a court to produce such material, the subpoenaed party may do so.

13.   BINDING ON SUCCESSORS AND ASSIGNS

Each and all of the provisions hereof shall be binding on and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors, and permitted assigns.

14.   AMENDMENTS AND MODIFICATIONS

No amendment, modification, or supplement to this Stipulated Protective Order

shall be binding on any of the parties unless it is in writing and signed by the parties in interest at the time of the modification, or otherwise ordered by the Court.

Dated this _14th_ day of September, 2007.

_____

KRISTEN L. MIX

~~FEDERAL COURT~~ MAGISTRATE JUDGE UNITED STATES

STIPULATED AND AGREED TO THIS 11TH DAY OF SEPTEMBER 2007, BY:

*ATTORNEYS FOR PLAINTIFF*

___s/ Thomas Howard_____.

Thomas P. Howard, Esq.
Wendi T. Nadel, Esq.
Garlin Driscoll Howard, LLC
245 Century Circle, #101
Louisville, CO 80027
Telephone: (303) 926-4222
Fax: (303) 926-4224
Email: thoward@gdhlaw.com

*ATTORNEYS FOR DEFENDANT THE WINFIELD COLLECTION, LTD.*

___s/ Mark A. Neider_____.

James B. Powers, Esq.
Mark A. Neider, Esq.
Harris Karstaedt Jamison & Powers, P.C.
188 Inverness Drive West, Suite 300
Englewood CO 80112
Telephone (720)875-9140
Fax No. (720)875-9141
Email: jpowers@hkjp.com ;
         mneider@hkjp.com

*ATTORNEY FOR DEFENDANTS THE WOODEN TEDDY BEAR, INC., ALL
AMERICAN CRAFTS, INC. AND JEFF ZAFFINO*


     s/ Brett N. Dorny      .
Brett N. Dorny, Esq.
Law Office of Brett N Dorny
10955 Westmoor Drive, Suite 400
Westminster, CO  80021
Telephone:  (303) 800-1576
Fax:  (303) 952-5437
Email: bndorny@dornylaw.com

## EXHIBIT A TO STIPULATED PROTECTIVE ORDER

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ have read the Stipulated Protective Order entered in Hillberry

v. The Wooden Teddy Bear et al., in the Federal District Court for the District of

Colorado, Case Number 07-cv-00913 WDM-KLM, understand its contents, and agree not

to make any disclosures of information, document, tangible things, testimony, or other

data marked or identified and produced as Confidential Material in this litigation to any

person who is not permitted to have access under the Stipulated Protective Order. I

further agree to use information, documents, tangible things, testimony or other data

identified and produced as Confidential Material solely for purposes of this proceeding

but nothing contained herein shall preclude use or disclosure of any documents, data or

information I already had before it was produced as Confidential Material in this

litigation.

Signature:_____.

Name: _____.
(Print)

Address: _____.

_____.

Phone: _____.

11