IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(Judge Walker D. Miller)
(Magistrate Judge Kathleen M. Tafoya)

Civil Action No. 07-cv-00913 WDM-KMT

J.D. HILLBERRY,

Plaintiff,

v.

THE WOODEN TEDDY BEAR, INC., et al.

Defendants.

---

**DEFENDANT SCROLLER'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION TO JOIN ADDITIONAL PARTIES**

---

Defendant The Winfield Collection, Ltd., d/b/a Scroller Ltd.("Scroller"), through its attorneys, Harris, Karstaedt, Jamison & Powers, P.C., submits its Motion for Reconsideration of Order Granting Plaintiff's Motion for Joinder of Additional Parties ("Motion for Reconsideration") pursuant to Fed.R.Civ.P. 60(b)(2007). In support of its Motion for Reconsideration, Scroller states as follows:

### I. CERTIFICATION ON DUTY TO CONFER

Pursuant to D.C.COLO.LCivR 7.1.A, the undersigned certifies that Plaintiff's counsel was contacted regarding the relief requested by this Motion for Reconsideration and he is opposed to the relief requested herein.

## II. BACKGROUND

On May 30, 2007, Plaintiff J.D. Hillberry commenced this action alleging damages arising out of asserted copyright infringements. Hillberry claims Defendant Zaffino violated his copyrights when he designed scroll saw patterns styled after Hillberry's charcoal pencil renderings entitled "Tight Gate" and "Big League Dreams." The balance of Hillberry's claims against the remainder of the Defendants, including Scroller, is based upon a theory of copyright infringement as distributors of Zaffino's scroll saw patterns.

On July 20, 2007, Scroller disclosed, pursuant to Fed.R.Civ.P. 26(a)(1)(A)(i), the identity of its corporate representatives, Michael Easler responsible for daily operations, and Ms. Becky Wakeman who had information regarding communications with artists and information on the copyright of artists' work by Scroller. See Ex. A, Def. Scroller's Initial Disclosures at p. 1-2, para. 1. Scroller provided this same information when it responded to discovery requests on September 4, 2007. See Ex. B, Def. Scroller's Disc. Resp. at pp. 5, 7, 8, 12-15. Similar identifications of corporate representatives were made by Defendants The Wooden Teddy Bear, Inc. ("WTB") and All American Crafts, Inc. ("AAC") in their discovery responses. See generally Ex. C, Def. WTB Disc. Resp.; Ex. D, Def. AAC Disc. Resp. Despite the timing of the identifications of these corporate representatives, Plaintiff did not move to join these parties under a theory of joint and several liability to comply with the October 1, 2007, joinder deadline under the Court's Scheduling Order entered September 14, 2007. See Ex. E, Scheduling Order (Document 50), at p. 9, Section 8.a.

More than five months after Defendant Scroller identified its corporate representatives, and one day before Plaintiff's expert disclosures were due, Hillberry moved the Court to extend

2

all Scheduling Order deadlines. Hillberry argued good cause existed to abandon the Scheduling Order deadlines based on Defendants' global failure to respond to discovery and the appearance of new counsel for WTB. Scroller opposed this relief in part because Plaintiff's pretext of discovery disputes did not justify extension of all Scheduling Order deadlines. Scroller denied, and Plaintiff conceded, that Scroller was not subject to any ongoing discovery dispute upon which it relied to demonstrate good cause. See Ex. F, Plf's Reply at p.2, para. 6. Scroller argued Plaintiff failed to explain how these discovery disputes justified extension of all Scheduling Order deadlines. Joinder of parties and amendment of pleadings was among the deadlines specifically contested by Scroller. In its opposition brief and in correspondence to Plaintiff's attorney dated December 12, 2007, preceding the filing of Plaintiff's Motion to Amend Scheduling Order, Scroller offered flexibility as to discovery and expert disclosure deadlines, but not as to joinder deadlines. See Ex. G, Corresp. of 12/12/07; Ex. H, Scroller Resp. The only justification Hillberry offered in his reply for extension of non-discovery deadlines and joinder of parties was the ongoing discovery disputes. See Ex. F, Plf's Reply at p.2, para. 6.

Three weeks after Scroller raised the issue of the absence of any explanation justifying extension of the joinder deadline, Plaintiff moved the Court on January 4, 2008, to join Defendants' corporate representatives under a theory of joint and several liability. As with his motion for extension of all Scheduling Order deadlines, Hillberry avoided the issue of his burden in showing good cause pursuant to Fed.R.Civ.P.16(b) to justify the joinder despite knowing the specific identities of the Scroller representatives since July 2007. Before Defendants' response deadline, the Court granted Hillberry's Motion to Join Additional Parties absent findings and

3

conclusions as to how Plaintiff satisfied the burden to show good cause in accord with Fed.R.Civ.P. 16(b).

Scroller moves pursuant to Fed.R.Civ.P. 60(b) for the Court to consider or reconsider the facts and law surrounding Plaintiff's failure to show good cause required by Fed.R.Civ.P. 16(b). Hillberry cannot meet this burden because such untimely joinder could have been avoided with a bare minimum of diligent effort. Scroller respectfully requests this Court vacate its Order granting Plaintiff's Motion to Join Additional Parties, receive oral argument at the motions hearing currently scheduled for February 1, 2008, and enter an Order finding that Plaintiff's Motion to Join Additional Parties fails to state good cause pursuant to Fed.R.Civ.P. 16(b) based upon Defendants' timely disclosure of the identity of its corporate representatives sought to be joined.

## II. MOTION FOR RECONSIDERATION

A.  <u>STANDARDS GOVERNING A MOTION FOR RECONSIDERATION</u>.

A motion to reconsider is appropriate under Fed.R.Civ.P. 60(b), which states in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; (6) any other reason justifying relief from the operation of the judgment.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent

manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir.2000)(citing Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 948 (10th Cir.1995) ). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Id. Scroller contends the newly assigned Magistrate to this case may have misapprehended the facts and law pertinent to Plaintiff's Motion to Join Additional Parties as required by Fed.R.Civ.P. 16(b). Scroller provides the following recitation in support of its Motion for Reconsideration.

B. PLAINTIFF CANNOT DEMONSTRATE GOOD CAUSE BECAUSE DILIGENT EFFORTS COULD HAVE, SHOULD HAVE AND WOULD HAVE ALLOWED FOR PLAINTIFF'S TIMELY JOINDER.

The scheduling order deadline for amendment of pleadings and joinder of parties was October 1, 2007. As indicated above, Scroller disclosed the identity of its corporate representatives who had potential supervisory duties in the course of selecting and publishing Zaffino scroll saw patterns for sale in its catalogues in July 2007.

Under Fed.R.Civ.P. 16(b), the deadlines under a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district court or, when authorized by local rule, by a magistrate judge." This rule makes clear that, in the first instance, the moving party bears the burden in demonstrating good cause when requesting modification of the provisions of a scheduling order. Good cause is predicated upon instrumentality beyond the control of an otherwise diligent attorney. In the case of Hannah v. Roadway Express, 200 F.R.D. 651, 653-54 (D.Colo.2001), the court stated in pertinent part as follows:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts.... Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.
>
> * * *
>
> It is well known that we litigate these days under the burden of heavy case loads and clogged court calendars. It is unquestioned that often unjustified and inordinate periods of delay occur in bringing a case to trial after it is filed in the court. It is the purpose of the scheduling conference provisions of Rule 16(b) to provide the Court with an effective pretrial device for early Court intervention into the management and progress of a case once issues are joined on the Court's docket.
>
> The ... Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.

Given this rule of law, Plaintiff clearly has the prefatory burden of showing that the joinder of parties he now seeks could not have been made under the deadlines of the existing Scheduling Order despite his diligence.

Despite Scroller's reference to this burden in its Response to Plaintiff's Motion to Amend the Scheduling Order, Hillberry avoids this issue. Hillberry fails to provide the Court any explanation as to: (1) why diligent efforts would not have allowed him to comply with the Scheduling Order deadline given the identities of parties subject to the joinder were disclosed as early as July 2007; (2) why, despite diligent efforts, Plaintiff was precluded from moving for the joinder until more than five months after the identities of these individuals were disclosed and more than three months after the October 1, 2007, scheduling order deadline; and (3) why the request for joinder was not referenced in his motion for extension to justify extension of this disputed deadline.

6

The policy underlying Fed.R.Civ.P. 16(b) is intended to maintain effective and timely case management. Beyond discovery issues raised in Plaintiff's Motions to Compel against Defendants <u>other than</u> Scroller, Plaintiff fails to undertake any effort to justify to the Court why Plaintiff should be excepted from meeting his burden of proof in showing good cause for extension of the deadline for joinder of parties and amendment of pleadings. Given the conspicuous absence of such a justification, and the facts contravening such proof, the Court should find that Plaintiff has failed to meet the burden to show good cause required by the Fed.R.Civ.P. 16(b) and deny Plaintiff's Motion to Join Additional Parties.

## III. CONCLUSION

For the reasons stated above, Plaintiff has failed to show good cause pursuant to Fed.R.Civ.P. 16(b) by not explaining how the requested joinder could not have been made in compliance with the Scheduling Order deadline with a minimum of due diligence. Scroller respectfully requests this Court vacate its Order granting Plaintiff's Motion to Join Additional Parties, receive oral argument at the motions hearing currently scheduled for February 1, 2008, and enter an Order finding that Plaintiff's Motion to Join Additional Parties fails to state good cause pursuant to Fed.R.Civ.P. 16(b) because of Defendants' timely disclosure of the identity of corporate representatives sought to be joined.

Dated this 23rd day of January, 2008.

Respectfully submitted,

s/ James B. Powers, Esq.
James B. Powers, Esq.
Mark A. Neider, Esq.
Harris, Karstaedt, Jamison & Powers, P.C.
188 Inverness Drive West, Suite 300
Englewood, Colorado 80112
Office: (720) 875-9140
Fax: (720) 875-9141

**ATTORNEYS FOR DEFENDANT THE WINFIELD COLLECTION, LTD. d/b/a SCROLLER, LTD.**

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on this 23rd day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following e-mail addresses:

>Attorney for Plaintiffs
>thoward@gdhlaw.com
>
>Attorneys for Wooden Teddy Bear, Inc.
>All American Crafts, Inc. and Jeff Zaffino
>bndorny@dornylaw.com
>
>Attorneys for Wooden Teddy Bear, Inc.,
>d/b/a Wooden Teddy Bear Collection
>downingw@hallevans.com
>kidde@lbbslaw.com

>s/ James B. Powers