IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07–cv–00913–WDM–KMT

J.D. HILLBERRY,

    Plaintiff,

v.

THE WOODEN TEDDY BEAR, INC., d/b/a Wooden Teddy Bear Collection,
ALL AMERICAN CRAFTS, INC., d/b/a Creative Woodworks & Crafts,
THE WINFIELD COLLECTION, LTD., d/b/a Scroller, Ltd.,
JEFF ZAFFINO, d/b/a Wooden You Know Design Studios and d/b/a An Eye for Design Studios,

    Defendants.

**ORDER**

This matter is before the court on "Defendant Scroller's Motion for Reconsideration of Order Granting Plaintiff's Motion to Join Additional Parties" (Motion to Reconsider [Doc. No. 87, filed January 23, 2008]).

On December 13, 2007, Plaintiff moved to amend the Scheduling Order previously entered in this case on the basis of non-compliance with discovery requests. A response to that motion [Doc. No. 65] was filed by Defendant Winfield Collection, Ltd., d/b/a Scroller, Ltd. on December 14, 2007, together with several exhibits. The plaintiff filed his reply on January 2, 2008. [Doc. No. 68]. Additionally, on January 4, 2008, the plaintiff filed a "Motion for Joinder of Additional Parties" and to file a second amended complaint. [Doc. No. 71]. Additionally, the

plaintiff had previously filed motions to compel discovery [Docs. 59 and 60, filed December 4, 2007]. Responses from several defendants were filed, as well as replies filed by the plaintiff. [Docs. 66 and 67, filed December 14, 2007, and Docs. 69 and 70, filed January 2, 2008]. The court has read and reviewed all referenced pleadings and attachments.

Plaintiff's Motion to Join Additional Parties and to file a second amended complaint was clearly intertwined with, and part of, the discovery problems presented in the motions to compel and the request to amend the discovery deadlines. The parties had presented extensive briefing on the issues in their entirety, with numerous exhibits filed by all parties. Fed. R. Civ. P. 15(a)(2) clearly states, "The court should freely give leave [to amend] when justice so requires."

Considering all the circumstances presented in the various pleadings, the Court GRANTED the plaintiff's Motion to Amend the Scheduling Order [Order, Doc. No. 80] and allowed the filing of a new Section 8, Case Plan and Schedule to the Scheduling Order [Doc. No. 83]. Separately, the Court also granted the Plaintiff's Motion to Join Additional Parties and the Motion to file a Cross Claim. [Order, Doc. No. 82, filed January 22, 2008]. Implicit in this ruling, but not explicitly stated in the Order, was a finding of good cause shown for the amendment and extended deadlines pursuant to Fed. R. Civ. P. 16(b)(4), including those for joinder of parties and amendment of pleadings.

Fed. R. Civ. P. 60(b) authorizes relief based on certain enumerated circumstances. A party's dissatisfaction with a ruling is not one of those circumstances. *Broadway v. Norris,* 193 F.3d 987, 990 (8th Cir.1999)(Rule 60(b) "is not a vehicle for simple reargument on the merits.") Thus, a "motion to reconsider" pursuant to Rule 60(b) is properly denied, for example, where the

movant "d[oes] nothing more than reargue, somewhat more fully, the merits of their claim." *Id.* Defendant Scroller's Motion for Reconsideration argues that the court misunderstood its position, misapplied the law, and asserts more extensive argument. "Such arguments and tactics, however, cannot support Rule 60(b) relief." *Ptasynski v. CO2 Claims Coalition,* 2007 WL 162742, *1 (D.Colo., 2007)(unpublished, Miller, J.); *Van Skiver v. United States,* 952 F.2d 1241, 1243-44 (10th Cir. 1991).

Defendant Scroller's Motion for Reconsideration [Doc. 87] is DENIED.

Dated this 30th day of January, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
United States Magistrate Judge