IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07–cv–00913–WDM–KMT

J.D. HILLBERRY,

    Plaintiff,

v.

THE WOODEN TEDDY BEAR, INC., d/b/a Wooden Teddy Bear Collection,
ALL AMERICAN CRAFTS, INC., d/b/a Creative Woodworks & Crafts,
THE WINFIELD COLLECTION, LTD., d/b/a Scroller, Ltd.,
JEFF ZAFFINO, d/b/a Wooden You Know Design Studios and d/b/a An Eye for Design Studios,

    Defendants.

## ORDER

This matter came on for hearing on February 1, 2008, on "Plaintiff's Motion to Compel Discovery Responses from Defendant Jeff Zaffino, and for Attorney's Fees" (Mot. to Compel Zaffino [Doc. No. 59, filed December 4, 2007] and "Plaintiff's Motion to Compel Discovery Responses from defendant All American Crafts, Inc., and for Attorney's Fees" (Mot. to Compel AAC [Doc. No. 60, filed December 4, 2007]). The court reviewed the parties' documentary submissions and heard argument of the parties.

**Background**

This copyright infringement case involves two pieces of artwork created by Plaintiff Hillberry named "Tight Gate" and "Big League Dreams." The plaintiff alleges defendant Zaffino copied and reproduced, for his own benefit, the two drawings originally created by Plaintiff, then

sold the art images as "scroll saw" woodworking patterns with the same names. Plaintiff alleges the other defendants published the infringing works.

The plaintiff issued his initial discovery requests to the defendants on or about July 24, 2007. The interrogatories defined the Hillberry artwork as, "As used herein, the term 'Tight Gate' refers to the artistic rendering of a rancher closing a barbed-wire fence originally created by J.D. Hillberry and published in 1999 in his book, 'Drawing Realistic Textures in Pencil.' A similarly worded description was included for 'Big League Dreams', '. . . refers to the artistic rendering of a young child's gloved hand catching a baseball thrown to it by an adult hand.'" (Mot. to Compel Zaffino, Exhibit A.)

When the responses to the discovery eventually were provided to the plaintiff on September 5, 2007, approximately 10 days overdue, the defendant objected to the definition of the Hillberry art pieces, claiming "[t]he term 'Tight Gate' has been used to refer to various artistic works, including a pencil drawing, limited edition prints of the pencil drawing, a photograph of the pencil drawing and/or the limited edition prints, a publication of the photograph in the book 'Drawing Realistic Textures in Pencil', a scroll saw pattern, photographs of the scroll saw pattern, scroll art, and photographs of the scroll art." (Mot. to Compel Zaffino, Exhibit B.) Similar objections were raised as to the definition of "Big League Dreams." The responses then proceeded to provide little or no information, continually claiming confusion over the definition of the art images at the heart of the case. *Id.* In All American Craft's Response to the Motion to Compel, the defendant claims to have believed the artistic rendering about which it was being asked was the physical photograph taken by photographer Richard Stum, rather than the image contained in the photograph. (All American Crafts' Opposition to Plaintiff's Motion to Compel Discovery Responses [Doc. No. 66, filed December 14, 2007 at 2].)

The plaintiff, in a letter dated September 27, 2007, made a good faith effort to correct any interpretation problems. (Mot. to Compel Zaffino, Exhibit E.) In the letter, the plaintiff meticulously attempted to explain in each instance which images were the subject of an interrogatory, request for admission or production, and to draw distinctions between the Hillberry creations and the Zaffino artwork in terms of the questions. The plaintiff specifically requested that the defendants respond further to the discovery requests on the basis of the new descriptions by October 8, 2007, and warned that he would be forced to seek a motion to compel if there was no response from the defendants.

The defendants utterly and completely failed to respond to the September 27, 2007, letter prior to the filing of the Motion to Compel (over two months later). Defendants simply ignored the letter altogether and did not amend or supplement any interrogatory response, request for admission response nor did they provide additional documents.[1] When directly asked by the court at the February 1, 2008, hearing, why there was no response from Defendants Zaffino and All American Crafts to the letter, defense counsel stated he "had no answer."

As part of the defendants' filed responses, they explained their confusion with the original definitions of the Hillberry artwork, utilizing a tortured and strained interpretation of the requests, claiming that when asked about the Hillberry creation Big League Dreams, for instance, that could be a reference to: "1. A pencil drawing by Hillberry; 2. Limited edition prints of the pencil drawing of various sizes [presumably each one to be defined separately]; 3. Copies of the limited edition prints displayed on Hillberry's website; 4. A photograph of the pencil drawing by Richard Stum; and 5. A copy of Richard Stum's photograph as published in the book "Drawing Realistic

---

[1] At the February 1, 2008, hearing, the plaintiff advised the court that the defendants had provided documents in response to the requests for production on January 31, 2008, the day before the scheduled hearing on the motions to compel.

Textures in Pencil" by Hillberry." (Rsp. of All American Crafts, [Doc. No. 66] at 2.) In addressing the attempts to further clarify the definitions by the plaintiff in the September 27, 2007, letter, in their responses to the Motions to Compel defendants claimed that the revised definitions "made the request meaningless." *Id.* at 4. Defendants claimed that the supplemented definitions made the requests "circular" by requiring the defendants to admit to something that the plaintiff already knew.[2]

**Findings**

For purposes of discovery, there are clearly four pertinent images, irrespective of the medium upon which the images are carried or the location of the images at any given time: 1) Hillberry image entitled "Tight Gate"; 2) Hillberry image entitled "Big League Dreams"; 3) Zaffiro image entitled "Tight Gate"; and 4) Zaffiro image entitled "Big League Dreams." For reference purposes only, in order to distinguish one image from another, the images may be referenced to a particular depiction in a particular place. For example, a depiction of images 1 and 2 are found in the book, "Drawing Realistic Textures in Pencil." By the same token, for reference purposes, one example of image 4 is depicted as a scroll saw pattern contained in the August, 2006, edition of Creative Woodworks & Crafts magazine. All discovery requests refer to one or more of the four images, not to any one piece of carrier medium upon which the relevant image is placed.

A motion for an order compelling disclosure or discovery must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action

---

[2]The court is uncertain how a defendant admitting to a fact under oath that the parties acknowledge is true fits the definition of the word circular.

Fed. R. Civ. P. 37(a)(1). Plaintiff's counsel clearly complied with the "good faith conferral" requirement set forth in Rule 37 in his letter to Defendants' counsel dated September 27, 2007. In his letter, he specifically stated that he would file a motion to compel seeking attorney's fees and costs under Rule 37 if amended responses were not received. (Docs. 59 and 60, Exs. E.)

An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, the court must, after providing an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Relief from the requirement of such sanctions is justified only if the movant filed the motion prior to attempting in good faith to obtain the disclosure without court intervention, the opposing party's nondisclosure was substantially justified under the circumstances, or other circumstances make an award of expenses unjust.

For the reasons set forth in this Order and on the record at the February 1, 2008 hearing, the court finds and concludes as follows:

1. Defendant Jeff Zaffino's and All American Craft's responses to the plaintiff's initial discovery requests were intentionally and purposefully evasive and incomplete and therefore should be treated pursuant to Fed. R. Civ. P. 37(a)(4) as a failure to disclose, answer or respond.

2. The plaintiff attempted in good faith to obtain the disclosure or discovery without court action, sending a letter attempting to more clearly define the information sought and requesting supplemental responses. It is undisputed the letter from the plaintiff was met with complete silence by the defendants Zaffino and All American Crafts. The defendants have offered no reason or excuse for their failure to respond in any way to the September 27, 2007, letter, and

did not supplement, change, add or in any manner at all change the answers originally given in response to the discovery requests.

3. Defendant Zaffino's and All American Craft's non-disclosure, response or objection was substantially unjustified.

**Orders**

Therefore, it is ORDERED:

1. "Plaintiff's Motion to Compel Discovery Responses from defendant Jeff Zaffino, and for Attorney's Fees" [Doc. No.59] and "Plaintiff's Motion to Compel Discovery Responses from defendant All American Crafts, Inc., and for Attorney's Fees" [Doc. No. 60] are hereby GRANTED.

2. On or before February 15, 2008, defendants Jeff Zaffino and All American Crafts will, using the court's definitions of the four images at issue in this case, respond in full to outstanding plaintiffs interrogatories and requests for admission as more fully set forth in the court's oral orders during the February 1, 2008, hearing, including full responses to individually defined interrogatories and supplementation of any and all other discovery requests pursuant to the courts findings regarding the four images. The parties are advised that a failure to obey an order to provide or permit discovery, including an order under Rule 37(a), may cause the issuance of further just orders including matters being taken as established for purposes of the action as the prevailing party claims, prohibition from supporting or opposing designated claims or defenses or from introducing designated matters in evidence, striking pleadings in whole or in part, dismissing the action or proceeding in whole or in part, rendering a default judgment, treating as contempt of court the failure to

obey the order, or other such sanctions as the court deems just and proper.

3. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), defendants Jeff Zaffino and All American Crafts will jointly pay the plaintiff's reasonable expenses, including attorney fees, incurred in making and presenting the two motions to compel, including the costs incurred in preparing for and attending the hearing on February 1, 2008.

4. Attorneys for Plaintiff and Defendants Zaffiro and All American Crafts are directed to meet and confer for the purpose of preparing and filing a stipulated accounting of the reasonable costs and expenses as set forth in Item 3 above to be filed on or before February 15, 2008. If, after such conference, the parties are unable to stipulate on a reasonable amount to be awarded pursuant to the court's Order, each party shall file its own accounting of the reasonable costs and expenses on or before February 15, 2008. If such separate accountings are necessary, each side should address the issue of an award of additional costs and expenses associated with the preparation and presentation of the contested accountings.

Dated this 5th day of February, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
United States Magistrate Judge