IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 07-cv-00913-WDM-KMT

J.D. HILLBERRY,

    Plaintiff,

v.

THE WOODEN TEDDY BEAR, INC., d/b/a/ WOODEN TEDDY BEAR COLLECTION, et al.,

    Defendants.

## ORDER ON MOTION FOR DEFAULT JUDGMENT

Miller, J.

This matter is before me on Cross Claimant The Wooden Teddy Bear, Inc.'s Motion for Entry of Default Judgment Against Cross Defendant Jeff Zaffino (doc no 155). A hearing on this matter was held on January 15, 2009; counsel for The Wooden Teddy Bear, Inc. ("WTB"), appeared but Cross Defendant Zaffino ("Zaffino") failed to appear despite notice. For the reasons set forth below, I will grant the motion but will limit WTB's recovery to its attorneys' fees and costs.

Plaintiff J.D. Hillberry filed a complaint for copyright violation naming as Defendants WTB, Zaffino, and others. According to the complaint, Plaintiff is a professional artist who published a copyrighted book entitled "Drawing Realistic Textures in Pencil." The book contains a number of original drawings. Plaintiff alleges that Defendant Zaffino created scroll saw patterns using Plaintiff's copyrighted drawings and offered them for sale them in the catalogues or magazines of the other defendants

and on his own website. Zaffino, represented by counsel, filed an answer to the complaint on June 18, 2007.

WTB was granted leave to file a cross claim against Zaffino on January 22, 2008; it asserted claims for indemnity because of its reliance on Zaffino's representation that his scroll saw patterns were authorized, for breach of implied warranties of fitness and merchantability, fraud, negligent misrepresentation, and deceptive trade practices. (Doc no 85). The cross complaint was properly served on Zaffino. On February 26, 2008, Zaffino's attorney was granted leave to withdraw and Zaffino has been acting pro se since that date.

All claims and counterclaims involving the Plaintiff have apparently been resolved. WTB's cross claims against Zaffino, however, remain pending. Although Zaffino answered the Plaintiff's complaint, he did not respond to WTB's cross complaint within the time permitted by law. He has thus admitted the factual allegations of the cross complaint other than those relating to damages. Fed. R. Civ. P. 8(d); *Burlington Northern Railroad Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996). The clerk's default pursuant to Fed. R. Civ. P. 55(a) was entered against him on April 15, 2008 (doc no 137). WTB filed the motion for default judgment (doc no 158) on September 26, 2008. Counsel for WTB provided evidence that he sent a copy of the motion for default judgment to Zaffino and notified him of the January 15, 2009 hearing. Zaffino filed no response to the motion and did not appear. Accordingly, WTB is entitled to default judgment under Fed. R. Civ. P. 55(b).

In its motion, WTB sought as damages the cost of its settlement with Plaintiff as well as its attorneys' fees and costs incurred in defending this action. Because its

settlement agreement with Plaintiff contains a confidentiality provision, however, WTB did not disclose the settlement amount and sought to do so *in camera* or otherwise under seal. At the hearing, I informed WTB's counsel that I would not order a default judgment on the cost of settlement unless that amount were disclosed in open court records; WTB was ordered to file a declaration or disclosure on or before January 21, 2009 if it wished to recover this amount. I have been informed that WTB has declined to do so and so I will not award as damages the amount of the settlement between WTB and Plaintiff.

WTB appears to be entitled to its attorneys' fees pursuant to its indemnity claim. Although Colorado has eliminated common law indemnity among joint tortfeasors, it appears that common law indemnity is available where one party's liability is entirely attributable to the conduct of another. *Brochner v. Western Ins. Co.,* 724 P.2d 1293 (Colo. 1986). Where an innocent party is required to incur attorneys' fees, such fees may also be recoverable. *Id.* at 1299-1300. I note that on May 30, 2007, Zaffino executed an indemnity agreement wherein Zaffino agreed to indemnify and hold harmless WTB "with respect to all costs and expenses, including attorneys fees, reasonably incurred . . . and all liabilities, damages, and payments made in connection with any judgment and/or settlement" in connection with Plaintiff's copyright suit.[1] The evidence indicates that WTB did not have notice of the infringing nature of the scroll saw patterns and that it reasonably relied on Zaffino's representations indicating that they were his original work. I find that WTB was without fault and therefore is entitled to

---

[1] I do not rely exclusively on the indemnity agreement, however, because the cross complaint does not expressly make a claim of contractual indemnity.

indemnity from Zaffino as a result of Zaffino's infringement of Plaintiff's copyrighted work. I have reviewed the affidavits submitted by WTB and find them to be sufficient to establish the attorneys' fees and costs incurred in this matter. Thus, I find and conclude that WTB is entitled to, as damages, the attorneys' fees and costs set forth in its motion for default judgment.

Accordingly, it is ordered:

1. Cross Claimant The Wooden Teddy Bear, Inc.'s Motion for Entry of Default Judgment Against Cross Defendant Jeff Zaffino (doc no 155) is granted.

2. Default judgment in the amount of $69,506.01 (including $68,652.14 in attorneys' fees and $853.87 in costs) shall enter for Cross Claimant The Wooden Teddy Bear, Inc., and against Cross Defendant Jeff Zaffino.

DATED at Denver, Colorado, on January 26, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge